BATES *v.* VOORHEES.

An order of the Supreme Court dismissing an appeal from a judgment at special term, on the ground that it was too late, is appealable to this court.

The order in question having proceeded either upon the ground that an attorney who appeared for the appealing party, and on whom notice of the judgment was served, was authorized, in fact, to appear, or that the defendant was bound by his appearance, whether authorized or not: *Held*,

1. In the first aspect, the question of fact upon which the determination was made is reviewable in this court, upon appeal.

2. In the second: whether, as matter of law, the defendant lost the right of appeal by the unauthorized appearance of an attorney, is a question not of practice or discretion but of strict legal right, and as such, reviewable in this court.

THIS cause was tried by a referee who decided in the plaintiff's favor, and judgment was entered accordingly in November, 1857. Before the judgment, but after the case had been submitted to the referee, J. A. Johnson of Syracuse, the defendant's attorney, died, and Messrs. Peckham and Tremain, Esqs., of Albany, had given notice of appearance in his place. The plaintiff's attorney, residing in Troy, gave notice of the judg-

ment to them in December, 1857. In February, 1859, the defendant, by Sedgwick, Andrews and Kennedy of Syracuse, his attorneys, appealed from the judgment to the Supreme Court at general term. The plaintiff moved in that court to dismiss that appeal on the ground that it was too late, and the motion was granted. The defendant then appealed to this court from the order of dismissal, and the plaintiff, at the September term, moved to dismiss the last mentioned appeal.

*Charles B. Sedgwick*, for the motion.

*Amasa J. Parker*, opposed.

COMSTOCK, J. If the cause had proceeded to a hearing on the appeal to the Supreme Court, judgment of affirmance or reversal would have been rendered. If the judgment had been for affirmance, the defendant might have appealed therefrom to this court. Such a judgment became impossible, because the appeal was dismissed. In the language of the Code, therefore, the order of dismissal "determined the action and prevented a judgment from which an appeal could be taken" to this court. From such an order an appeal lies.

It is said, however, that the Supreme Court, in dismissing the defendant's appeal, merely determined a question of practice addressed to the discretion of that court, and, therefore, that the decision cannot be reviewed here. The nature of the question was this: The motion to dismiss the appeal was made on the ground that the time for appealing had elapsed; and the time had elapsed provided the notice of the judgment served on Messrs. Peckham and Tremain in December, 1857, was an effectual notice. The defendant insisted that they were never his attorneys, and that their appearance for him was without authority. Mr. Peckham had attended the trial in the capacity of counsel for the defendant upon the decease of the attorney, and his firm afterwards gave notice of appearance in the cause. This appearance was accepted in good faith by the plaintiff's attorneys, who afterwards perfected the judgment

and gave the notice thereof in such season that the right of appeal was lost provided the defendant was bound by that notice. Mr. Peckham's affidavit was made at the request of both parties, and was read in the Supreme Court, on the motion. He did not recollect how or when he or his firm was retained to appear as attorneys, but he had a confident impression that such a retainer was received, either from the defendant personally, or from Mr. Sedgwick : he thought it was from Mr. Sedgwick, who assumed to act for the defendant. On the other hand, the affidavits of the defendant and Mr. Sedgwick were read, both of whom very fully and explicitly denied that they ever gave to Mr. Peckham or his firm any authority to appear in the cause. They were, in fact, ignorant that any such appearance had been put in until the papers were served on the motion to dismiss the appeal. Mr. Peckham's impression was probably derived from conversations concerning the cause with which he had been connected as counsel, and I see no reason to doubt that all parties acted in good faith.

The Supreme Court have not thought it worth while to assign any reasons for the order now appealed from. The decision, however, must have proceeded on one of two grounds : 1. It must have been held that the appearance of Peckham and Tremain was in fact authorized : or, 2. That the defendant was bound by that appearance according to some rule of law or practice, and irrespective of the question of authority in fact. Was the decision in either or both of these aspects reviewable in this court? I am clearly of opinion that it was in both.

If, in the first place, the Supreme Court proceeded on the ground that the appearance was authorized, then they determined a mere question of fact upon the affidavits before them ; and upon appeals to this court from orders of this nature the facts are to be examined. An order which determines the action and prevents a final judgment, is appealable according to the very terms of the statute (*Code*, § 11), and in the absence of any provision of law to the contrary, the appeal must bring up the entire merits of the order. In the review of judgments

entered upon trial and the verdict of a jury, or the finding of a judge or referee, this court is confined by other provisions of the Code to questions of law purely. But in respect to the class of orders which can be appealed according to the 11th section, there is no such limitation. There is no mode provided of separating the facts from the law, nor is there any restriction upon the power of this court. The duty of the court is commensurate with its power. It has no discretion to say it will not look at questions of fact where the law has placed no such restraint upon it. An unrestricted appeal takes along with it the whole merits of the determination appealed from; and this is such an appeal.

If, on the other hand, the Supreme Court proceeded on the ground that the defendant was bound by an appearance in his name without authority, I think it determined a very grave and important question of law. The right of appealing from the decision of the referee to the Supreme Court was strictly a legal right, and one of the highest value. The only restrictions upon the enjoyment of that right are that the appeal must be brought in due form and in due time. I can see no matter of mere practice or pure discretion which can restrain this right. When no question of fact is involved, it must be in its very nature a purely legal question whether a right of so high and sacred a nature is waived or lost. If the Supreme Court have in this case determined that the defendant's right to appeal from a judgment, of which he had no knowledge, is gone from him by reason of an appearance not only unauthorized but unknown to him, that determination I think ought to be reviewed. The merits of the question will be more appropriately considered on the hearing of the present appeal. The principle involved was very elaborately discussed in the case of *Denton* v. *Noyes* (6 *John.*, 296). In that case the court allowed a judgment confessed by an attorney without authority to stand, for the purpose of preserving its lien and priority. This was considered just, in order to afford due protection to the plaintiff who had acted in good faith. But the defendant was allowed to plead, to defend and to have a trial, in order to

The People *v.* Church.

preserve his rights also. According to that decision, which is one of very high authority, it seems to me that an appearance unauthorized by and unknown to a party should not bind him so as to deprive him of his right of appeal. An appeal does not vacate the judgment or disturb its lien and priority. The judgment will be reversed, as it ought to be, if erroneous, but that consideration is manifestly of no weight in determining whether the right to appeal is lost by lapse of time or otherwise. But the merits of the present appeal, strictly speaking, are not now before us, and I do not intend to express a final opinion concerning them. It is enough that the order of the Supreme Court is subject to review in this court.

The motion to dismiss the appeal must be denied.

Motion denied.