## NEW YORK SUPERIOR COURT.

WILLIAM W. NILES agt. LUDLOW A. BATTERSHALL.

No *undertaking* is necessary on an appeal from the *special term* to the *general term* of this court, to sustain the appeal.

But if a *stay of proceedings* is desired by the appellant, he must either obtain an *order of court* for that purpose, or he must file and serve, *with the notice of appeal*, a copy of an *undertaking* as required on an appeal to the court of appeals. .

*New York Special Term, October*, 1863.

JUDGMENT having been entered in this action against the defendant, on the 18th August, 1863, he, on the 21st September, appealed therefrom to the general term, by the service of a notice of appeal on the plaintiff's attorney and on the clerk of the court. The plaintiff's attorney refused to receive the notice of appeal, on the ground that an undertaking had not also been filed and served. On the 29th September an undertaking was filed and a copy served on the plaintiff's attorney, which he returned, because too late. On the 30th September the notice of appeal and copy undertaking were again served on the plaintiff's attorney, who again refused to receive them.

The motion is for an order staying proceedings on the judgment pending the appeal; setting aside any execution

Niles agt. Battershall.

which may have been issued upon the judgment, and for leave to file the undertaking *nunc pro tunc.*

R. W. TOWNSEND, *for defendant.*
NILES & BAGLEY, *for plaintiff.*

MONELL, Justice.   The service of the notice of appeal on the 21st September (it having been conceded on the argument that it was in time) was sufficient to perfect the appeal.   No undertaking is necessary in an appeal from a special to a general term of this court.   The refusal, therefore, of the plaintiff to receive it was irregular.   To stay proceedings on the judgment appealed from, the appellant must either obtain an order from the court for that purpose, or he must file and serve an undertaking as required on an appeal to the court of appeals (*Code,* § 348); and it seems such undertaking must be filed and a copy *served with the notice of appeal.*   The undertaking, therefore, which was served on the 29th September was too late.   (*Code,* § 340 ; *N. Y. Central Ins. Co.* agt. *Safford,* 10 *How. Pr. R.* 344 ; *Cushman* agt. *Martin,* 13 *id.* 402.)

There is no reason given in the moving affidavit for not serving the undertaking with the notice of appeal, and I am unable, therefore, under the authority of *N. Y. Central Ins. Co.* agt. *Safford* (*supra*) to give the defendant the relief he asks for on this motion.

Upon furnishing a sufficient excuse for omitting to serve the undertaking at the time required, the court may relieve the appellant, and upon proper terms grant him a stay of proceedings.   (*Code,* § 327.)

The appellant can go on with his appeal, his notice being sufficient for that purpose ; but as the case now stands he cannot have a stay of proceedings.   (*Cushman* agt. *Martin, supra.*)

The motion is denied, without costs.