NICHOLAS GENTER, Respondent, v. SETH H. FIELDS, late sheriff of Otsego county, Appellant.

On an appeal from the Special to the General Term, the undertaking provided for by section 335 of the Code constitutes no part of the appeal. Its only effect is to stay proceeeings upon the judgment.

It would be error for the General Term to dismiss an appeal from the Special Term because the appellant had failed to comply with an order of the Special Term to execute a new undertaking.

APPEAL from an order of the General Term of the Supreme Court, in the sixth district, dismissing an appeal from a judgment at Special Term to General Term. A judgment was rendered against the defendant June 25th, 1857, for $985.94, upon a verdict at the Circuit. The defendant appealed from the judgment to the General Term, and for the purpose of staying proceedings upon the judgment, filed an undertaking, with sureties, who duly justified on the 8th of August, 1857. In August, 1859, the appeal being still pending, and the sureties having become insolvent, the plaintiff applied at Special Term for an order requiring the defendant to execute a new undertaking, according to sections 335 and 348 of the Code, as amended in 1859. The court granted the order, and the defendant appealed therefrom to the General Term, where the order was affirmed. The defendant neglected to file a new undertaking according to the requirement of the order, and in January, 1860, the plaintiff moved the court at General Term to dismiss the defendant's appeal from the judgment, on that ground.

The court granted the order dismissing the appeal. From that order the defendant appeals to this court.

*James E. Dewey*, for the appellant.

*Dewitt C. Bates*, for the respondent.

JOHNSON, J. There can be no doubt that an appeal to the General Term of the Supreme Court, from a judgment rendered at Special Term, when made according to the provisions

of section 327 of the Code, is complete and effectual as an appeal for all purposes, except the staying of the proceedings upon the judgment.

If the party appealing desires a stay of proceedings upon the judgment in such a case, he must, in addition to the service of the notices prescribed by section 327, execute to the other party the undertaking provided for by section 335 of the Code. The undertaking is no part of the appeal, which is effectual without it, but operates only to suspend all proceedings upon the judgment pending the appeal. This is the well settled practice, and is in entire harmony with the several provisions of the Code. (*Kitching* v. *Diehl*, 40 Barb., 433; *Niles* v. *Battershall*, 26 How. Pr., 93; *Stainig* v. *Jones*, 13 id., 423.) Many other cases might be cited, but there is no doubt as to the practice. Section 348 of the Code expressly provides that "Such an appeal, however, does not stay the proceedings unless security be given, as upon an appeal to the Court of Appeals, *and such security be renewed*, as in cases required by section 335, on motion to the court at Special Term, or unless the court or a judge thereof so order," etc.

This is different from appeals to the Court of Appeals, which are not effectual for any purpose unless an undertaking be executed by the appellant for the payment of all costs and damages which may be awarded against him upon the appeal, not exceeding $250, as provided for by section 334. This provision has no application whatever to appeals provided for by chapter four of the Code under which the appeal in question was brought, and which relates exclusively to appeals in the same court from a single judge to the General Term thereof.

This chapter contains no provision for the dismissal of any appeal because an undertaking has not been executed or renewed in pursuance of an order to that effect. The only provision on the subject of an undertaking, in this chapter is contained in section 348 already cited. If no undertaking is executed by the appellant, the judgment may be enforced the same as though no appeal had been brought, but the appeal is still effectual and to be heard. And so if an undertaking

has been executed and proceedings upon the subject thereby stayed, the stay ceases and becomes inoperative, if the undertaking is not renewed in pursuance of an order of the Special Term requiring such renewal, and the judgment may then be enforced the same as though there had been no stay.

Neglect or refusal to comply with the order to renew the undertaking, operates upon the stay of proceedings on the judgment, and puts an end to it, but in no respect affects the appeal.

The penalty of dismissal of the appeal, in case of neglect to execute the new undertaking, in pursuance of the order prescribed by section 335 applies only to appeals to the Court of Appeals. It is not made applicable to any other class of appeals, either by its terms, or by the policy of the Code. In appeals of this kind the penalty for the neglect to execute such new undertaking is, that the proceedings upon the judgment are no longer stayed. This is plain from the manner in which section 348 was amended in 1859, which was by inserting, " and such security be renewed as in cases required by section 335 on motion of the court at Special Term." This is added as something further to be done by the appellant to affect or to continue a stay pending the appeal.

The plain object of the amendment was to remedy a defect in the section as it before stood, and to prevent or determine the stay after the sureties had become insolvent, but not to affect the appeal.

The Supreme Court erred therefore in holding that the effect of a non-compliance with their order to renew the security, was to vitiate the appeal.

The dismissal was not a matter of discretion, but of strict legal right, and as the effect was to prevent a judgment from which an appeal to this court might be taken, it is an appealable order. (Code, § 11; *Bates* v. *Voorhees*, 20 N. Y., 525.) The order dismissing the appeal should therefore be reversed with costs of the appeal.

All concurring,

Judgment reversed.