## GENTER v. FIELDS.

### December, 1864.

Upon appeal from a single judge of a court to the general term, security is not required except where it is desired to effect a stay of proceedings (*Code of Pro.* § 327); and under section 348,—which provides that such security must be renewed when required, as in case of an appeal to the court of appeals,—neglect to comply with an order to renew only terminates the stay, and does not affect the appeal.

An order of the court below, dismissing the appeal for such neglect, is not a matter of discretion, but affects strict legal right, and is appealable to this court.

Nicholas Genter sued Seth H. Fields, sheriff of Otsego, in the supreme court, and recovered a verdict for nine hundred and eighty-five dollars and ninety-four cents, money collected, on which verdict he entered judgment. On July 25, 1857, defendant served a notice of appeal from the judgment, to the court at general term, and gave the undertaking with sureties which is required by section 348 of the Code, in order to secure a stay of proceedings pending the appeal.

On Aug. 30, 1859, the appeal being still pending, the court, upon proof that the sureties had become insolvent, granted an order requiring the defendant to execute a new undertaking, with sufficient sureties, as required by section 335 of the Code of Procedure as amended in 1859. From this order the defendant appealed to the court at general term, and they affirmed it.

The respondent, in January, 1860, applied to the court at general term, on affidavits that no new undertaking had been given,

and obtained an order dismissing the defendant's appeal from the judgment entered against him, on account of the neglect to give a new undertaking. From the order of dismissal defendant appealed to this court.

*James E. Dewey,* for defendant, appellant;—cited, besides cases mentioned in the opinion, Robert *v.* Donnell, 10 *Abb. Pr.* 454; Boyd *v.* Bigelow, 14 *How. Pr.* 511; Parsons *v.* Suydam, 4 *Abb. Pr.* 134.

*Dewitt C. Bates,* for plaintiff, respondent.

By the Court.—T. A. Johnson, J.—There can be no doubt that an appeal to the general term of the supreme court, from a judgment rendered at special term, when made according to the provisions of section 327 of the Code of Procedure, is complete and effectual as an appeal for all purposes, except the staying of the proceedings upon the judgment.

If the party appealing desires a stay of proceedings upon the judgment in such a case, he must, in addition to the service of the notices prescribed by section 327, execute to the other party the undertaking provided for by section 335 of the Code. The undertaking is no part of the appeal, which is effectual without it, but operates only to suspend all proceedings upon the judgment pending the appeal. This is the well settled practice, and is in entire harmony with the several provisions of the Code. Kitching *v.* Diehl, 40 *Barb.* 433; Niles *v.* Battershall, 26 *How. Pr.* 93; Staring *v.* Jones, 13 *Id.* 423. Many other cases might be cited, but there is no doubt as to the practice. Section 348 of the Code expressly provides that " Such an appeal, however, does not stay the proceedings unless security be given, as upon an appeal to the court of appeals, *and such security be renewed,* as in cases required by section 335, on motion to the court at special term, or unless the court or a judge thereof so order," etc.

This is different from appeals to the court of appeals, which are not effectual for any purpose unless an undertaking be executed by the appellant for the payment of all costs and damages which may be awarded against him upon the appeal, not exceeding two hundred and fifty dollars, as provided for by

section 334.* This provision has no application whatever to appeals provided for by chapter 4 of the Code, under which the appeal in question was brought, and which relates exclusively to appeals in the same court from a single judge to the general term thereof.

This chapter contains no provision for the dismissal of any appeal because an undertaking has not been executed or renewed in pursuance of an order to that effect. The only provision on the subject of an undertaking, in this chapter, is contained in section 348, already cited. If no undertaking is executed by the appellant, the judgment may be enforced the same as though no appeal had been brought, but the appeal is still effectual and to be heard. And so if an undertaking has been executed and proceedings upon the subject thereby stayed, the stay ceases and becomes inoperative, if the undertaking is not renewed in pursuance of an order of the special term requiring such renewal, and the judgment may then be enforced the same as though there had been no stay.

Neglect or refusal to comply with the order to renew the undertaking, operates upon the stay of proceedings on the judgment, and puts an end to it, but in no respect affects the appeal.

The penalty of dismissal of the appeal, in case of neglect to execute the new undertaking, in pursuance of the order prescribed by section 335, applies only to appeals to the court of appeals. It is not made applicable to any other class of appeals, either by its terms, or by the policy of the Code. In appeals of this kind the penalty for the neglect to execute such new undertaking is, that the proceedings upon the judgment are no longer stayed. This is plain from the manner in which section 348 was amended in 1859, which was by inserting, " and such security be renewed as in cases required by section 335 on motion of the court at special term." This is added as something further to be done by the appellant to affect or to continue a stay pending the appeal.

The plain object of the amendment was to remedy a defect in the section as it before stood, and to prevent or determine

---

* The sum was increased to five hundred dollars, by the amendment to section 334, passed in 1865.

the, stay after the sureties had become insolvent, but not to affect the appeal.

The supreme court erred, therefore, in holding that the effect of a non-compliance with their order to renew the security, was to vitiate the appeal.

The dismissal was not a matter of discretion, but of strict legal right; and as the effect was to prevent a judgment from which an appeal to this court might be taken, it is an appealable-order. *Code*, § 11; Bates *v.* Voorhees, 20 *N. Y.* 525. The order dismissing the appeal should therefore be reversed, with costs of the appeal.

All the judges concurred.

Order appealed from reversed, with costs.