THOMAS ROBERTS, Appellant, *v.* JAMES DONNELL *et al.*, Respondent.

On an appeal from a judgment entered by the direction of a single justice of the Marine Court to the justices thereof at General Term, security may be given by the appellant, which will operate as a stay of proceedings, according to the provisions of the Code.

By the provisions of the act of 1853 (ch. 617, § 5), an appeal may be taken from a judgment entered by a single justice of the Marine Court to the justices thereof at General Term, in the same manner and with the like effect as appeals in the Supreme Court, &c.

DAVIES, J. This is an action upon an undertaking made and executed by the defendants to the plaintiff, bearing date December 31, 1855.

It recites that on the 14th day of December of that year, in the Marine Court of the city of New York, the above named plaintiff had recovered a judgment in that court against the appellant therein named, for $489.70, damages and costs, and that the said appellant, feeling aggrieved, thereby intends to appeal therefrom to the General Term of said court, thereupon the said defendants, pursuant to the statute in such case made and provided, undertook that the appellant would pay all costs and damages which might be awarded against him on said appeal, not exceeding the sum of $250; and did also undertake, that if said judgment appealed from or any part thereof be affirmed, the said appellant would pay the amount directed to be paid by the said judgment, or the part of the amount as to which said judgment should be affirmed, if it should be affirmed only in part, and all damages which should be awarded against said appellant. The notice of appeal and undertaking were filed with the clerk of the Marine Court, and a copy of both served on the plaintiff's attorney, on the 31st day of December, 1855. The plaintiff's counsel offered in evidence an order made by the justice of that court who tried the action, dated December 28th, 1855, in these words: "*Thomas Roberts* v. *Ezekiel Donnell.* On affidavit of the plaintiff and on order to show

cause, after hearing the respective parties, ordered that the defendant give security to pay the judgment in this action by or before 12 o'clock on the 31st instant, and serve notice that the same is given, with copy of the undertaking, the sufficiency of the sureties to be proved to the satisfaction of one of the justices of this court; and in default of the giving of such security, the stay of proceedings in this action, made in order of December 24, 1855, is from the time above stated vacated." The introduction of this order was objected to by the defendants' counsel, and the same was excluded, and the plaintiff excepted. On the 26th day of February, 1857, at a General Term of the Marine Court, the judgment appealed from was in all things affirmed. On the 10th of May, 1856, one of the justices of said Marine Court, sitting alone, made an order that said appeal be dismissed with costs, and that the stay of proceedings be vacated; which order he subsequently vacated on the 21st of February, 1857, and directed that the appeal be restored, the same as if the said order had not been made.

The action was tried in the New York Common Pleas, and a motion was made by the defendants' counsel to nonsuit the plaintiff, or dismiss his complaint, on the following grounds:

First. That the undertaking was void as being without consideration, and as not authorized by any statute.

Second. On the ground that the appeal had been dismissed by Justice McCARTHY, and that therefore no cause of action was proved.

The court sustained the motion, and ordered the complaint to be dismissed, to which decision and ruling the plaintiff's counsel excepted. Judgment thereon was affirmed at the General Term of said court. The undertaking in this action was given upon an appeal from a judgment rendered by a single justice of the Marine Court, to the General Term of such court, and such an appeal was distinctly authorized by the provisions of section 5 of an act in relation to the Marine Court, passed July 1, 1853 (Laws of 1853, ch. 617), which section declares that "an appeal may be taken from a judgment entered by the direction of a single

justice of the said court, to the justices thereof, at a General Term, in the same manner and with the like effect as appeals in the Supreme Court from the decision of a single judge to the General Term." Upon the proper construction of this provision, the validity of the undertaking and the plaintiff's right of recovery depend. The Code indicates and prescribes the manner of appeals from the Special to the General Term of the Supreme Court, and the effect of such appeals; and we must look to these provisions to ascertain the meaning and intent of the legislature in making them applicable to appeals in the Marine Court. Section 327 of the Code declares that an appeal must be made by the service of a notice in writing on the adverse party and on the clerk with whom the judgment or order appealed from is entered, stating the appeal to be from the same, or to some specified part thereof. Section 332 requires the appeal to be taken within thirty days after written notice of the judgment or order shall have been given to the party appealing. Sections 329 and 330 declares the effect of the appeal, as to what the appellate court may do upon such appeal. Nothing has been said thus far as to any security or stay of proceedings upon any such appeal, and if nothing more had been provided for, the party appealing would in most cases have derived little, if any, benefit from his appeal. The opposite party would have been at liberty to enforce his judgment, and the principal benefit anticipated from appeals according to judicial observation, that of delay, would have been entirely frustrated. The 348th section of the Code enacts that no appeal from the judgment of a single judge in the Supreme, Superior Court of New York, or Court of Common Pleas of said city, shall operate as a stay of proceedings, unless security be given as upon an appeal to the Court of Appeals, as required by section 335 of the Code. A reference to that section shows that if the appeal be from a judgment directing the payment of money, it shall not stay the execution of the judgment unless a written undertaking be executed on the part of the appellant by at least two sureties, to the effect that if the judgment appealed from, or any part thereof, be affirmed, the

appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against the appellant upon the appeal. It will be seen upon the comparison of the provisions of this section, with the undertaking upon which this action is brought, that it conforms in all respects with the directions of this section.

The only question remaining is, whether these sections of the Code, in reference to appeals in the Supreme Court, have been made applicable to the appeals authorized in the Marine Court. The broad language of the act of 1853 would seem to have been adequate to remove all doubt or question upon this subject. The appeals authorized were to be taken in the same manner, and with the like effect as appeals in the Supreme Court. It is manifest the legislature intended to confer upon the party appealing, all the benefits and advantages which were given to a party appealing in the Supreme Court. His appeal was to be taken in the same manner. That is when it was simply an appeal, and no stay desired, by the service of the notices required, and when a stay was wished for, then in addition the execution, and filing and service of a copy of the required undertaking. When these things are done, or either of them, then the appeal was to have the like effect, as if the same had been taken in the Supreme Court. But we are not without authority upon this precise point, this court having passed upon this question, in the case of *The People* v. *Clerk of Marine Court* (3 Abb. Pr., 309). Judge MITCHELL, in the opinion of the court delivered in this case, says: " The ' manner ' relates to the mode of proceeding in effecting an appeal, *the notice and security to be given;* the ' effect ' relates to the consequences produced by the appeal as under what circumstances it shall operate to stay proceedings. ' Effect ' is an appropriate word to describe a result that follows, after the thing previously spoken of (the appeal) is completed, and would be quite inappropriate if used to define the cases in which such thing might be done." The undertaking in suit was fully author-

ized by law and is in due form, and the defendants' liability upon it cannot be questioned. That liability was not discharged by the order made by a single justice of the Marine Court dismissing the appeal. After the appeal was perfected the cause was pending before the appellate tribunal, and it only was authorized to entertain a motion for its dismissal. The justice properly vacated his own order, dismissing the appeal, as unauthorized and of no effect.

The order made, requiring the security to be given, should have been admitted in evidence as part of the records of the Marine Court, and as a proceeding in the action. It was not, however, material, and would not of itself afford sufficient grounds for a reversal. But for the reason stated, the judgment must be reversed, and a new trial ordered, costs to abide the event.

Davis, J. At the close of plaintiff's case, the defendants' counsel moved for a nonsuit on the following grounds:

First. That the undertaking was void as being without consideration, and as not authorized by any statute.

Second. That the appeal had been dismissed by Justice McCarthy, and that, therefore, no cause of action was proved.

The court granted the motion and dismissed the complaint, and plaintiff's counsel duly excepted.

Several technical questions now raised by the respondents' points, were not suggested at the trial and they are not to be considered here. If they are of any force, it is probable that most, if not all of them, could have been avoided by further evidence had they been raised at the trial.

Justice McCarthy had no power, "sitting alone as a judge," to dismiss the appeal. His order to that effect was inoperative, and might have been disregarded. It was properly vacated by himself at a subsequent period.

The important question of the case is, whether upon an appeal from a judgment entered by the direction of a single justice of the Marine Court, to the justices thereof at a General Term, security may be given by the appellant which

will operate as a stay of proceedings, according to the pro-
visions of the Code.

This question depends upon the construction to be given
to the fifth section of chapter 617, of the act of 1853
(Laws 1853, p. 1166), which is in these words: "An appeal
may be taken upon the same, from a judgment entered by
the direction of a single justice of the said court, to the jus-
tices thereof at General Term, in the same manner and with
the like effect as appeals in the Supreme Court from the
decision of a single judge to the General Term."

Section 348 of the Code of Procedure authorizes the
appeals to the Supreme Court, referred to in the foregoing
provision, and declares that "such an appeal does not stay
the proceedings unless security be given as upon an appeal
to the Court of Appeals, and such security be renewed as in
cases required by section 335, on motion to the court at
Special Term, or unless the court or judge thereof so order,
which order may be made upon such security or otherwise as
may be just, such security not to exceed the amount required
on an appeal to the Court of Appeals."

The manner of making the appeal is prescribed by section
327; the time within which it is to be done by section 332;
and sections 329 and 330 declare the power of the appellate
court in reviewing the judgment and any intermediate
order involving the merits, and necessarily affecting the
judgment.

The principal "effect" of an appeal taken in the manner
indicated, is undoubtedly "to bring the judgment for review
before the appellate tribunal, where it may be reversed,
affirmed or modified; but there is another "effect" which
flows from the appeal, to wit, a stay of all proceedings on
the judgment appealed from, provided the appellant comply
with the requirement, by giving the security or obtaining the
special order which makes that effect operative. This latter
effect of an appeal is optional with the appellant; but when
he chooses to comply with the requirements that produce it,
*the stay of proceedings in the court below* is as much an

effect of the appeal as is the bringing up of the judgment for review.

In using the general language of the section relating to appeals in the Marine Court, above quoted, the legislature intended to adopt the practice on the subject of such appeals in the Supreme Court, as laid down in the Code with all its concomitants and incidents. It was not thought necessary to repeat the provisions of the Code, but the declaration that the appeals should be taken "in the same manner and with the like effect as appeals in the Supreme Court, from the decision of a single judge to the General Term," was designed to be equivalent to such a repetition. Hence I think it quite clear that on an appeal in the Marine Court, the appellant is at liberty to stay all proceedings on the judgment appealed from, by giving security as upon an appeal to the Court of Appeals.

In *The People* v. *The Clerk of the Marine Court* (3 Abb. Pr., 320), this court incidentally considered this question, though it was not directly involved. MITCHELL, J., said "the manner relates to the mode of proceeding in effecting an appeal, the notice and security to be given; the effect relates to the consequences produced by the appeal, as under what circumstances it shall operate as a stay of proceedings." But without considering the subject further, I think the court below erred in not adopting the dissenting opinion of BRADY, J., as a correct exposition of the law on this point.

It follows that the undertaking, on which this action is brought, was authorized by the statute, and if properly executed, operative as a stay, and therefore was based upon sufficient legal consideration.

The judgment should be reversed, and a new trial ordered, with costs to abide event.

Judgment reversed.