# N. Y. COMMON PLEAS.

LUCIEN T. WHEELER *et al.* agt. PATRICK McCABE *et al.*

*Appeal dismissed — action on undertaking.*

Where an appeal from a judgment rendered by a single judge of the marine court to the general term is taken by the defendant upon an undertaking staying proceedings under sections 334 and 335 of the Code, and the appeal, through the defects or laches of the defendant in serving the printed case and exceptions, is dismissed by the general term, it is an effectual dismissal within the terms of the undertaking, and the sureties become liable; although it does not operate as a bar to another appeal, if the time limited therefor has not elapsed.

Ten days' notice before suit brought upon the undertaking, required by section 348 of the Code, of "the entry of the order or judgment affirming the judgment appealed from," does not apply to such a case, as the judgment was not affirmed, but the appeal was simply dismissed.

*General Term, June* 1, 1874.

THIS is an appeal from a judgment recovered in the marine court against the defendants, upon an undertaking given on an appeal from a judgment rendered by a single judge against the defendant, McCabe, to the general term.

ROBINSON, *J.*—As required by the act of 1853, chapter 617, that appeal was taken in the same manner and with like effect as appeals to the general term of the supreme court from a single judge, and upon like security, as required by sections 334 and 335 of the Code (*Roberts* agt. *Donnell,* 31 *N. Y.,* 446), and was, as in that case it was intended, to stay proceedings on execution. The undertaking was, among other things, " to the effect that if the judgment appealed from, or

any part thereof, be affirmed, or the appeal be dismissed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, &c." The appeal so taken was dismissed with costs, for failure to serve the printed case and exceptions required by the 50th rule of the supreme court. This dismissal was ordered on the 28th of October, 1872, unless the appellant, within fifteen days from service of a copy of such order, should serve copies of the printed case and exceptions; in which case the argument was to be put over to the November general term. At that term it was ordered and adjudged that the appellant had not complied with the permission offered him, and leave to argue the appeal was denied him.

There can be no question but that this was an effectual dismissal of the appeal within the terms of the undertaking (*Péters* agt. *Grouse*, 15 *Abb.*, 263). While such dismissal of an appeal for defects or laches in the appellant's proceedings does not operate as a bar to another appeal, if the time limited therefor has not elapsed, it is a mode of procedure well known in our system of practice, and operates as a final disposition of the action taken and rights of the appellant on such appeal (*Sun Mutual Ins. Co.* agt. *Dwight*, 1 *Hill*, 50; *Bates* agt. *Voorhees*, 20 *N. Y.*, 525; *Genter* agt. *Fields*, 1 *Keyes*, 483; *Maltby* agt. *Green*, 1 *id.*, 548; *Harper* agt. *Doll*, 1 *Daly*, 498). Such dismissal occurred within the terms of the undertaking by operation of orders of the general term of the marine court.

A further objection to this recovery is raised for want of ten days' notice before suit brought upon such an undertaking, required by section 348 of the Code, of "the entry of the order or judgment affirming the judgment appealed from." Such provision does not operate in this case, as the judgment was not affirmed, but the appeal was simply dismissed. The right of further appeal still existed until thirty days after notice of the judgment or order to the adverse party have

Wheeler agt. McCabe.

elapsed (*Code*, § 331; *Fry* agt. *Bennett*, 16 *How.*, 402, *affirmed in court of appeals*, 26 *How.*, 599). Such rights growing out of affirmance of the judgment and dismissal of the appeal being so essentially different, no such notice was required in the present case before suit brought.

Judgment should be affirmed.

LARREMORE, J., concurs.