JOHN FOWLER, Appellant, v. NEW YORK HERALD COMPANY, Respondent.

First Department, July 1, 1921.

Appeal — application at Special Term to declare appeal abandoned unnecessary — only motions at Special Term respecting appeal are those concerning settlement and extension of time to serve proposed case, and opening default in serving same.

Since the organization of the Appellate Division there has been no occasion to move at Special Term to declare an appeal abandoned. The only motions in relation to a case on appeal that now need be made at Special Term are with respect to settlement and by the appellant to extend his time within which to serve a proposed case and to open his default in serving the same.

The respondent can at any stage of the appeal obtain all the relief to which he is entitled at the Appellate Division, and applications at Special Term by the respondent for an order declaring the appeal abandoned are obsolete and tend to create confusion.

APPEAL by the plaintiff, John Fowler, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of March, 1921, determining that plaintiff has waived his right to make a case on appeal herein and declaring the case and appeal abandoned.

*George Hiram Mann,* for the appellant.

*Robert W. Candler* of counsel [*John H. Bogardus* with him on the brief; *Jay & Candler,* attorneys], for the respondent.

DOWLING, J.:

The order appealed from grants a motion made by respondent to declare that the plaintiff has waived his right to make a case herein and to declare the case and appeal abandoned, because of the plaintiff's failure to make a case on appeal and to have the same settled and signed by the justice before whom the action was tried, pursuant to section 997 of the Code of Civil Procedure and rule 32 of the General Rules of Practice, within the time limited therefor.

Section 997 of the Code of Civil Procedure provides that a party intending to appeal from a judgment rendered after a trial of an issue of fact, or to move for a new trial of such an issue, must, except as otherwise prescribed by law, make a case and procure the same to be settled and signed by the judge, justice or referee by or before whom the action was tried as prescribed in the General Rules of Practice. Rule 32 of the General Rules of Practice prescribes the method to be followed, and rule 33 declares that if the party shall omit to make a case within the time limited therefor by rule 32 he shall be deemed to have waived his right thereto.

Upon this record plaintiff has failed to comply with the provisions in question and is in default in making and causing to be settled and signed the case on appeal herein, and the only question before us is whether the court at Special Term had power to make the order declaring that plaintiff had waived his right to make a case and that the case and appeal were abandoned.

From 1887 to 1896 motions to dismiss appeals could be made at General Term for want of service of papers, for

failure to file the printed papers in the General Term, or for other failure to prosecute the appeal with due diligence. (See Gen. Rules Pr. 1884, 1888, rule 41.) This was continued in effect by the rule as revised in 1896. During that same period, by rule 35, if within ten days after the case as proposed and amendments, if any, had been settled by the trial judge, the appellant failed to procure an engrossed case to be signed and filed, respondent might on affidavit move at Special Term for an order declaring the appeal abandoned, and on obtaining it proceed as if no case and exceptions had been made. This was held to mean, not that respondent could move to dismiss in that case, but that he should, upon affidavit showing non-filing, give notice of motion to have the case put on the General Term calendar and on the next motion day move to have the case stricken from the calendar and for affirmance. This was the only occasion for ever obtaining an order to have the appeal declared abandoned. If the engrossed case as settled was not signed within ten days after settlement, the trial judge had no authority to sign and order it filed unless appellant, on motion, procured an order at Special Term opening his default.

Rule 33 provided that for failure to make a case within the time limited by rule 32, appellant should be deemed to have waived his right thereto. This omission, however, under the old practice, did not give a right to a dismissal of the appeal, as appellant could still argue his appeal on the judgment roll alone. (*Phelps* v. *Swan*, 2 Sweeney, 696 [1870]; *Wheeler* v. *McCabe*, 5 Daly, 387 [1874].) Whether the judgment roll alone raised a question proper to be decided on appeal could be determined on a motion in the appellate court, but that court could not tell but that a case and exceptions might present such a question. Therefore, it was the practice, as the Special Term had cognizance of extensions of time and settlement of amendments, that an order of Special Term be obtained declaring the right to make a case abandoned, before the General Term would entertain a motion to dismiss for failure to do so, or a motion for judgment because the judgment roll alone presented no question for decision. Later this was modified by allowing motions to dismiss appeals for failure to serve a case or a case containing exceptions, without

obtaining an order to declare the appeal abandoned, and such an order was only necessary where a case had been made, served and settled, but not signed and filed within the time limited after settlement, as required by former rule 35.

Upon the organization of the Appellate Division the General Rules of Practice were extensively revised (October 22, 1895; December 3, 1895), including rules 41 and 35, and are known as the Rules of 1896. Rule 35 thereafter provided simply that if the engrossed case were not filed within ten days after settlement, the appeal should be *deemed* abandoned unless the time was extended by order. (See Gen. Rules Pr. 1896, 1900, 1905, rule 35.) This was held to mean that by operation of the rule the case could not be filed after the ten days, and on motion at the Appellate Division the appeal would be dismissed, unless leave were given appellant to apply at Special Term to open his default. (See *Rothschild* v. *Rio Grande Western R. Co.*, 9 App. Div. 406.) This did away with the necessity of obtaining an order of the Special Term declaring an appeal abandoned, because application to dismiss could be made and granted without it.

Meantime the practice had sprung up of printing the proposed case in the first place and having the printer make the corrections after settlement, so that the engrossed case became superfluous, and in 1910 rule 35, requiring it to be signed and filed within ten days after settlement, was repealed. This did away with any necessity of requiring an appellant to apply at Special Term to open his default, and thereafter motions to dismiss appeals for failure to prosecute with due diligence could be, and have been, made at the Appellate Division at any stage of the proceeding after notice of appeal. There is not, and has not been since the Appellate Division was organized, any occasion for moving at Special Term to declare an appeal abandoned. The only motions in relation to a case on appeal that need now be made at Special Term are with respect to settlement and by appellant to extend his time in which to serve a proposed case and to open his default in serving the same. The respondent can at any stage of the appeal obtain all the relief to which he is entitled at the Appellate Division, and applications at Special Term by the respondent for an order declaring the appeal abandoned are

obsolete and tend to create confusion. The cases cited by both appellant and respondent herein were previous to the repeal of rule 35 and have had no application since 1910.

The order should be reversed, with ten dollars costs and disbursements, as unauthorized by any statute or rule, and the motion denied, with ten dollars costs, and respondent left to its motion at the Appellate Division to dismiss the appeal for non-service of the proposed case.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.