The plaintiff's counsel maintains that an appeal does not lie in this case, because, as he argues, the appeal is from an order, as distinguished from a judgment, and it is insisted, that by the act creating the Superior Court of Buffalo, appeals to this court can only be taken from the judgments of the Superior Court. The language of the act is, "appeals from the judgments of the said court, rendered at general term, shall be taken directly to the Court of Appeals, in the same manner as from judgments of the Supreme Court in the cases prescribed by law." (Laws of 1854, 227, § 19.) We do not think any such distinction as the one suggested was intended by the legislature. The word judgment is used in the statute in a general sense, and in the construction of the act, should be considered as synonymous with determination, in the eleventh section of the Code. The section quoted from the act of 1854, is in pari materia with the provisions of the Code relating to appeals; and they should together receive such a construction, if possible, as to make the system harmonious. It would be incongruous to provide that a class of determinations in this local court should be conclusive, which, if made in the Supreme Court, or in the Superior Court, or Common Pleas, of New-York, would be reviewable here on appeal. The appeal in this case cannot be sustained under either the second or third subdivisions of section eleven of the Code. The decision sought to be reviewed did not prevent a judgment from which an appeal might be taken, so as to bring the case under the second *Page 595 
subdivision, nor was it made upon a summary application in an action after judgment, which is the case provided for by the third subdivision. To be reviewable under the first subdivision, the decision must be an actual determination at general term in a judgment. There was an actual determination at general term of the question raised by the demurrer, but that determination was not made in a judgment. It was made on an appeal from an order under subdivision two of section three hundred and forty-nine. The appellants, if they desired a review in this court of that decision, should, after judgment at special term, have appealed to the general term; and if the judgment at special term had been there affirmed, an appeal from that judgment would have brought the question here. If the practice adopted by the appellants were sanctioned, it would be quite conceivable that, in a case like this, one appeal from special term should be pending at general term as to the proceedings in ascertaining the amount due; and another appeal be in this court to review the decision on demurrer, at the same time. The Code, on the other hand, looks to a single appeal only, to this court in an action, which may embrace all the proceedings up to and including the judgment.
The appeal must be dismissed with costs.
Appeal dismissed.