Denio, J.
The respondent moves to dismiss the appeal, on the ground that the judgment is not final. The action was brought to enforce certain alleged liens upon real estate owned by the defendants. The judgment of the special term, which was affirmed at the general term, directed the sale of the pre *535 mises, and, as to one of the liens for $2,633.06 and interest, the sheriff who should make the sale was to pay the amount to the plaintiff out of the proceeds. He was also directed to pay the plaintiff the further sum of $1,500 out of said proceeds, after deducting thereout the amount which should be found due for rent and for the use and occupation of the premises, which had for several years been in the possession of the plaintiff and of a party under whom he claimed; and a reference was ordered to a person named to ascertain the amount of such rent and of the use and occupation, and several special directions were given as to charges and allowances to be made upon the taking of the account. The report was directed to be filed with the clerk of Westchester county. Before any proceedings had been had on the reference, the defendants brought the appeal. The land had in the meantime been sold by the sheriff, one of the appellants being the purchaser for $5,000; but no part of the proceeds had been paid over to the plaintiff*.
Hone of the cases upon the question whether the judgment appealed from was final so as to be subject to review here, are precisely in point. In Harris v. Clark (4 How., 78), and Cruger v. Douglass (id., 215), further directions were reserved until the coming in and confirmation of the report upon the reference. It is plain that those judgments were not final, and it was so held. In Swartwout v. Curtis (4 Comst., 415), which was a suit to foreclose a mortgage, there was a judgment for a foreclosure and a reference to compute the amount due, and it was ordered that upon the coming in and confirmation of the report, the premises should be sold and the purchaser let into the possession, and the complainants were to have execution for the deficiency, and no question was reserved. This court considered that the judgment was not final under the present practice, but they denied the motion to dismiss the appeal, on its being shown that the reference had been executed and the report "confirmed by the special term before the notice of appeal was served. The reasoning of the opinion by the then Chief Judge (Bronson) seems to be decisive of the present motion. It was said to be the policy of the Code to *536 allow only one appeal to this court in the same cause. Here it is obvious that there may be further litigation as to the amount of the allowance for the use and occupation of the premises. Until that amount is finally ascertained, it will not be completely adjudged to whom the entire proceeds of the premises, the subject of the controversy, belong. To determine that question was one of the objects of the suit, and while it remains in part undecided, the judgment cannot be said to be final. (Hollister Bank of Buffalo v. Vail, 15 N. Y., 593.)
. It is suggested by the appellants’ counsel that if the appeal is not sustained, the judgment of the Supreme Court may be completely executed before an opportunity will be afforded to perfect another appeal, as the sheriff will be authorized to pay over the whole proceeds of the premises on the filing of the report, before any opportunity is afforded to contest it or to review the judgment. This, we think, is a matter for the Supreme Court to regulate. That court could, no doubt, by order, suspend the payment of the money until an opportunity to appeal should be afforded after the final confirmation of the report.
The motion to dismiss the appeal must be granted.
All the judges concurring,
Appeal dismissed.