## NEW YORK COMMON PLEAS.

### David Harper agt. Isaac Hall.

The *general term* of the *marine court* of the city of New York has power and authority on motion, to correct the entry of its judgments and decisions, the same as that power is possessed by the general term of the supreme court.

Consequently, where the plaintiff moved and obtained an order to dismiss the defendant's appeal to the general term of the marine court, for want of prosecution; but erroneously made the order provide that the judgment appealed from be *affirmed*, with costs : *Held*, that the general term had the power to correct such error, so as to make the order conform to the real decision of the court.

*New York General Term, November*, 1865.
*Before* Daly, *F. J.*, Brady *and* Cardozo, *Judges.*

By the court, Cardozo, J. The defendant appealed to

the general term of the marine court, from a judgment
against him at the special term.   The respondent moved
to dismiss the appeal for want of prosecution, which motion
was granted; but the attorney who prepared the order,
erroneously made it also provide that the judgment appealed
from be affirmed, with costs.   The respondent discovering
that the affirmance of the judgment was improperly inserted
in the order, moved the general term of the marine court
to correct the order, so as to make it conform to the real
decision of the court.   This motion was granted, and by
an order of the general term of the court below, the cor-
rection was made.

The question before us is, had the court the power which
it has exercised ?   The point is not free from difficulty, but
after very careful consideration, I have concluded that the
marine court has not exceeded its authority.   It may be
conceded that prior to the act of 1853 (*Session Laws of
1853, chap.* 617, *p.* 1165), the marine court would not have
had any power to correct the entry of its judgment.   This
court held in an unreported case, that where a justice of
one of the district courts having discovered after he had
entered a judgment, that his calculation of interest on the
amount claimed was erroneous, corrected the amount, that
he had not the power so to do, and, therefore, that the
judgment must be reversed.   Independent of the statute
above cited, I know of nothing which would give the
marine court greater power in that respect than the district
courts possess.   But the statute of 1853 made a great
change.   It gave to the marine court powers which it had
not theretofore possessed.   It created a general term of the
court, and authorized appeals to be taken to it from the
special term, in the like manner and with the like effect as
an appeal from the special to the general term of the
supreme court.   One effect of an appeal to the supreme
court is, that that court may correct an entry in the record
of its decision, and how can we say that an appeal to the

marine court has had the like effect as if it were in a case
in the supreme court, if this power be denied ?    In order
that the appeal to the general term of the marine court can
be said to have the like effect as an appeal from the special
term to the general term of the supreme court, it must be
held that the general term of the marine court can do
everything in respect to a case brought before it on appeal,
which the supreme court could do under similar circum-
stances.    Such seems to me to have been the intention of
the legislature, and, therefore, I think the act must receive
that construction.

It is undoubtedly true that the general term of the
marine court could not grant a new trial on the ground of
surprise or newly discovered evidence, or that the verdict
was contrary to the weight of evidence ; but neither, in
the first instance, could the supreme court; for such a
motion would in that court have to be primarily addressed
to the special term.    But a motion to correct the entry of
the decision at the general term, or a motion for a reargu-
ment, and the like—which are motions which may be made
in the general term of the supreme court—may, I think,
also be made in the general term of the marine court.    It
is only by so holding, and giving to that court as full con-
trol over the case as the supreme court would possess in a
case in the general term of that court, that full force and
efficacy can be given to that branch of the statute which
declares that the appeal shall be with the like effect as an
appeal in the supreme court.

I think, therefore, that the court below had the power
to entertain the motion to amend the order of the general
term in conformity with the real state of facts, and that
having done so, and presented a return to the appeal to
this court, which shows that the appeal below was dis-
missed for want of prosecution, there is no such final judg-
ment as must exist before an appeal can be taken in this
court.

I think the preliminary objection raised by the respondent's counsel should be sustained, and the appeal be dismissed.