AMORY LELAND AND OTHERS *v.* MICHAEL SMITH AND OTHERS.

FOUR OTHER ACTIONS BETWEEN SAME PARTIES, AND WILLIAM S. DARLING *v.* MICHAEL SMITH AND OTHERS.

The Marine Court has no power to refer the issues in a cause, unless the trial will require the examination of a long account. Hence, a reference ordered in an action where the sole issue was fraud, is an irregularity, and renders void subsequent proceedings in the action.

The court cannot deprive a party of his statutory right of a full notice of trial, unless it is waived or unless conditions are imposed on him on granting him a favor.

The general term of the Marine Court may review, on appeal, any intermediate order made in the action, involving the merits and necessarily affecting the judgment.

This court will, on motion, set aside an execution issued out of this court, on an irregular and void judgment of the Marine Court, a transcript of which has been filed in the county clerk's office. And will do this on a motion to vacate the judgment, and for other relief, &c.

Where a judgment creditor's attorney, notwithstanding a pending stay of proceedings on the execution, procures from the sheriff the proceeds of a levy made under it, the court will, on motion, order such proceeds to be returned to an officer of the court, to abide its further order.

The Court of Common Pleas is, as to all appealable questions from the Marine Court, the court of final resort (except when it allows an appeal to the Court of Appeals), and its orders are conclusive.

Proceedings as for a contempt to enforce a civil remedy, adjudged against the plaintiffs and their attorney in an action, is a proceeding in the action.

It is no answer to a motion to punish a party as for a contempt for disobedience of an order that an appeal has been taken from the order and an undertaking filed.

A MOTION to vacate judgments rendered in the Marine Court, &c., &c.

Five of these actions were for goods sold and delivered, and the sixth was upon a promissory note. The complaints in the first five actions alleged the delivery of certain goods to the defendants, for which the latter promised to pay. "That the

defendants at the time of procuring such goods were insolvent, and procured said goods with the intent not to pay for the same, and to cheat and defraud the plaintiffs thereof, and have wrongfully and fraudulently converted said goods to their own use," and demands judgment for the value of the goods. The defendants' answers admitted the purchase of the goods upon a credit of four months, which had not expired at the time of the commencement of the actions, and denied all the allegations of fraud, &c. The defendants' answer in the action on the promissory note denied the making, indorsement, and delivery of the note, or that they were indebted to the plaintiff in that action in any sum whatever. The plaintiffs obtained summons on July 13th, 1870, in the Marine Court, returnable on July 18th, and on the return day, issue was joined in the six actions, and immediately thereupon the plaintiff's attorney moved orally before a judge of the Marine Court for an order of reference to hear and determine the actions.

The motion was granted, the order directing the reference to proceed on one day's notice. The hearing before the referee was noticed for July 20th, at nine o'clock, a. m. Before that hour, the defendants obtained from a judge of the Marine Court an order to show cause why the motion for a reference should not be reargued, all proceedings in the meantime to be stayed. On the same day the plaintiffs' attorney obtained an order from another judge of that court, *ex-parte*, vacating the order to show cause and stay, and directing the references to proceed before the referee on the next day, at nine o'clock a. m. This last order was not served on the defendants' attorneys till about nine a. m. on the following day. The defendants' attorney not appearing before the referee at that hour, the referee granted judgment by default. During the day transcripts were filed in the county clerk's office, and executions issued to the sheriff on the same day. The defendants obtained from a judge of this court an order to show cause why the judgments should not be vacated and set aside, &c., with a stay until the further order of this court.

Upon the hearing of this motion, the following decision was rendered :

DALY, CHIEF JUSTICE.—This was not a referable cause, but one in which the defendants were entitled to a trial by jury. They admitted that they had received the goods, but set up as a defense that the sale was upon credit, and that the debt was not due when the action was brought. The plaintiffs, on their part, claimed that the defendants were guilty of a fraud in the purchase of the goods, so that the only issue was whether the goods were fraudulently obtained or not; an issue which the defendants had a right to insist, should be tried by a jury, and which could not be referred without their consent.

The ordering of a reference was not only erroneous, but the hearing before the referee upon one day's notice was irregular, the statute declaring that the trial before the referee may be brought on upon not less than two or more than four days' notice. (Laws of 1865, ch. 436.)

Not only was the trial before the referee irregular and void, but it is even doubtful if the judgment was not entered while an order to stay proceedings was pending, the affidavits being conflicting as to whether the order to vacate the stay of proceedings was served before the judgment was entered up or not.

The ordering of a reference in a case which was not referable, was an error which could be reviewed in the Marine Court only upon an appeal from the judgment.

But the bringing of a cause to a hearing before a referee without the notice to the defendants, which the law requires, was an irregularity, and the report of the referee and all subsequent proceedings founded upon it would, in a court of record, be set aside as irregular and void upon a simple motion.

We are asked upon a motion, to do, in respect to the execution (which by statute is to be enforced in the same manner as and to be deemed a judgment of this court) what we would do if a judgment was entered up in this court, under like circumstances, and set it aside.

It is not very clear what remedy the defendants would have in the Marine Court for this irregularity.

It is a matter which could probably be reviewed upon an appeal. Be that as it may, the enforcement of a judgment of

the Marine Court, after the transcript is filed with the county clerk, rests exclusively with this court. We have the entire control of the matter, and may stay the execution, or set it aside in cases where it is proper to do so, and we have all the facts before us, and both parties have been fully heard, as is the case on this motion.

It appearing by the facts that the reference and all subsequent proceedings were irregular and void, the execution in this court should be set aside.

The motion to that effect is accordingly granted.

From the order entered on this decision, vacating the executions and staying all proceedings on the judgments until the further order of the court, the plaintiffs appealed to the general term.

*Dubois Smith*, for appellants.

I. This court cannot, upon motion, inquire into the regularity of, review, or set aside judgments of the Marine Court, although a transcript thereof has been filed in the office of the county clerk. By the filing of the transcripts, such judgments become judgments of this court solely for the purpose of enforcement. This court cannot entertain a motion to set aside the executions until an order has been made by the Marine Court setting aside the judgments. (*McCunn* v. *Barnett*, 2 E. D. Smith, 421; *Martin* v. *The Mayor*, 20 How. Pr. 87; *People* v. *Washington*, 1 Wend. 79; *Ticknor* v. *Kennedy*, 4 Abb. Pr. N. S. 417.)

The Marine Court, at the time those orders of reference were made, had acquired jurisdiction of these actions.

The subject of the actions and the persons of the defendants, by their appearance and answers, were within its jurisdiction. If the court erred in determining the mode of trial, it was an irregularity only, and the remedy therefor was by appeal to the general term of the court. The direction in the orders of reference that the trial of causes be proceeded with on one day's notice was merely an irregularity; it was commit-

Leland v. Smith.

ted by the court, consequently the plaintiffs could not be prejudiced thereby. The mode of trial is a question of regularity, not of jurisdiction, and is waived by proceeding to trial. (*Dayharsh* v. *Enos*, 5 N. Y. 531; *McKeon* v. *See*, 4 Robt. 450.) If the notice of hearing is irregular or insufficient, it must· be returned immediately. (*N. Y. Central Ins. Co.* v. *Kelsey*, 13 How. Pr. 533.) The notice of hearing is waived by the parties proceeding without objection. (*Wetter* v. *Schlieper*, 7 Abb. Pr. 92.)

II. The order staying proceedings was given without authority, and was a nullity, and might have been disregarded, no grounds therefor appearing by affidavit. (Code, § 405; *Ellis* v. *Van Ness*, 14 How. Pr. 313.)

Service of the order vacating the same was, therefore, unnecessary. In any event, to operate as a stay of the trial, it should have been granted by the judge who heard the motions for reference. (Rule 39 of the Supreme Court, which applies to the Marine Court. See Laws of 1862.)

III. The motion upon which the order appealed from was granted, was not made on the ground of irregularity, nor was the motion made to vacate the executions, and, therefore, the order should be reversed. The motion was founded upon an order to show cause why the judgments entered in said actions should not be vacated and set aside, and why the defendants should not be allowed to come in and defend said actions, and why the defendants should not have such other or further relief as shall be just. Where a motion is made on the ground of irregularity, the notice or order shall specify the irregularity complained of. (Rule 29.) The court did not, and could not, grant the relief sought by the motion, viz.: To open the judgment and allow the defendants to come in and defend, and, therefore, could not under the general prayer, "and for such other and further relief, &c.," vacate the executions.

*Barretts & Redfield, and George C. Barrett*, for respondents.

I. The Marine Court judgments were irregularly obtained. (1.) The cases were not referable. (2.) The judge had no

power to order the references to proceed upon one day's notice. He granted no favor for which he required short notice to be accepted. He simply acted as though this court should order the defendant in any case therein to answer a plaintiff's complaint in less than twenty days from the time of its service. (3.) He had no power *ex-parte* to vacate the stay granted by another judge. (4.) Nor had he power again to direct the reference to proceed upon the next day.

II. The judgments were fraudulently obtained. The order to proceed upon the day upon which judgment was rendered, and vacating Judge Gross' stay, was not served until after the hour appointed for the trial; so that when the defendants attorneys hurried to the referee's office, upon the receipt of the order, they found judgments already entered.

III. The Chief Judge has simply remitted the plaintiffs to their original rights. He has vacated the executions, they being processes of this court and subject to its supervision, and he has *stayed proceedings* upon the judgments (not vacated them) until further order. This was the practice laid down in *Martin* v. *The Mayor*, &c. (11 Abb. Pr. 299), which was affirmed at general term (12 *Id.* 243).

IV. These were not cases where the irregularity complained of should have been specified in the notice of motion. (1.) The irregularities were treated by the court, not as irregularity upon which to vacate the judgment, but as showing that it would be inequitable to permit the judgment to be enforced. (2.) The court set aside its own process and stayed the judgment upon the ground that upon the entire case presented, including all the irregularities and the fraudulent conduct above referred to, the judgments had been inequitably, and even iniquitously, obtained, and that it would be grossly inequitable to permit their enforcement. Precisely the same practice was adopted in *Martin* v. *The Mayor, supra.*

V. The point is equally absurd that a court of record, and thus by analogy, the Marine Court, has power to prescribe what notice of reference shall be given. It might as well prescribe, in violation of the statute, the time to appeal or to answer or to serve notice of motion where no order to show cause has been

obtained, or to serve notice of trial or of argument, or any of the innumerable cases where a fixed time is prescribed by law. We have heard of granting a favor upon condition that *the recipient accept and admit short notice.* But the courts have gone no further, and the recipient may even then refuse to admit service, provided he is willing to waive the favor.

By THE COURT.*—JOSEPH F. DALY, J.—This appeal is taken from an order of the special term of this court, vacating and setting aside the executions in the six actions. The executions were issued out of this court, after transcripts filed in the county clerk's office of judgments obtained in the Marine Court. It appears from the appeal papers that the actions in the Marine Court were, after issue joined, referred on motion of plaintiffs, by a judge of the Marine Court, to a referee to hear and determine all the issues ; such reference to proceed on one day's notice, without the consent of, and after opposition by, the defendant. The reference was stayed by order of the Marine Court, before it had been commenced. Such stay was vacated the same day it was granted, and a further order made that the reference should proceed the next day at nine o'clock. Between half-past eight and nine o'clock of the last-named day, a copy of the last-named order was served on a clerk in charge of defendant's attorney's office ; and at nine o'clock the plaintiff proceeded, on defendant's failure to appear before the referee, proved his case, took his report, entered up his judgments, filed his transcripts, and issued his executions, all on the same day. The defendants made no motion in the Marine Court to open the default, took no appeal from the judgments, but on the same day moved this court to vacate the judgments, and allow the defendants to come in and defend, and for such other or further relief as should be just. The learned judge at the special term of this court, being satisfied that the order of reference was made without authority, and that the bringing on of the reference without the notice of at least two days, required by statute

* Present—Robinson, Loew, and J. F. Daly, JJ.

(chap. 436, Laws of 1865), and entertaining some doubt as to whether the defendants had any remedy for these irregularities by appeal in the Marine Court, held that this court could and should relieve the defendants by preventing the enforcement of the judgments by the process of this court, and therefore set aside the executions. This appeal is taken from the orders entered accordingly.

There can be no doubt that the order of reference in the Marine Court was irregular. That court has no power to refer the issues, unless the trial will require the examination of a long account (chap. 436, Laws of 1865). The motion for reference was made upon the pleadings, which do not disclose any necessity for proving any account; but, on the contrary, show an issue proper to be tried before a jury. The court had no power to direct the reference to proceed on one day's notice. The statute requires not less than two, and the defendant cannot be deprived of his statutory right to full notice, unless he waives it, or unless conditions are imposed on him on granting him a favor—which was not the case here.

This being the case, where was the remedy of the defendants for these irregularities? Not by motion, for no power exists in the Marine Court, before a single judge, to open a default taken before a referee. I am inclined, however, to believe that, on an appeal from the judgment to the general term of the Marine Court, the irregular orders of reference may be reviewed. The statute (chap. 617, Laws of 1853, § 5) allowing appeals to the general term of the Marine Court, provides that they shall be taken in the same manner, and with the like effect, as appeals in the Supreme Court, from the decision of a single judge, to the general term. The 329th section of the Code, being included in chap. 1 of title 9 of the Code, entitled "Appeals in General," provides that, upon an appeal from a judgment, the court may review any intermediate order involving the merits, and necessarily affecting the judgment. This section, by § 8 of the Code, is, with the other parts of that act, declared to relate to actions in the Supreme Court. The legislature, by the Act of 1852, relating to appeals in the Marine Court, must have designed to confer a

power which would afford the amplest relief to appellants, and yet this could not be gained without the construction here adopted, for otherwise the party injured by an irregular order would have no opportunity to have it reviewed (*Harper* v. *Hall*, 1 Daly, 498).

. The orders of special term, therefore, should be modified so as to require the plaintiffs to stipulate that the defendants should take an appeal from the judgments of the Marine Court to the general term of that court, without objection by plaintiffs, and that, until the determination of the general term upon such appeals, and until the judgment of the general term of this court upon any appeal from such determination, the plaintiffs proceedings on the executions issued out of this court upon the said judgments be stayed.

Ordered accordingly.

The plaintiffs failed to stipulate as required by the order entered upon the foregoing decision.

On the 9th August, 1870, the defendants were adjudged bankrupts in the U. S. District Court, upon the petition of a creditor. The stay of proceedings of July 21st, 1870, had, by consent, been modified so far as to permit the sheriff to sell the goods levied upon under the execution, and retain the proceeds.

In August, 1870, the plaintiffs' attorney served upon the sheriff an order of the U. S. District Court, modifying the injunction theretofore issued by that court, so far as to allow the sheriff to pay over the proceeds of the sale to the plaintiffs. This order was obtained without notice to the defendants, and only, as was alleged, by collusion between the plaintiffs' attorney and the attorney for the petitioning creditor in the bankrupt proceedings.

The sheriff being also informed by the plaintiffs' attorney that the stay of proceedings of this court had been vacated, paid over the proceeds to the plaintiffs.

Upon learning this fact two months afterwards, the defendants moved that the moneys so paid to the plaintiffs should be returned to the sheriff, to abide the further order of this court,

and of the U. S. District Court in the bankruptcy proceedings, and that the plaintiffs and their attorney be punished for their contempt in violating the stay of July 21st, 1870.

Upon the hearing of this motion ROBINSON, J., made the following decision:

ROBINSON, J.—Order granted in each case, that the plaintiffs' attorney and his clients, within ten days from entry and notice of order, repay to the clerk, to abide the further order of this court, the money received from the sheriff upon their several executions, with $10 costs of this motion. Order to be settled on two days' notice.

I am of opinion:

1. That Judge Larremore had authority, upon the facts presented to him, to grant the order of 21st July, 1870.

2. That it was regularly served on plaintiffs' attorney.

3. That it was in full force when plaintiffs' attorney, in violation of its terms, collected and received from the sheriff the amounts collected by him in satisfaction of the judgment upon the executions he then held.

4. That such payment was made by the sheriff upon the untrue representation that the order of Judge Larremore had been vacated.

5. That the money should be repaid to the clerk of this court, to abide further order.

6. That the attorney as well as his clients should be held responsible for such repayment.

7. Separate orders should be entered.

8. So much of the order as seeks to punish for contempt, denied such violation of the order occurring through misapprehension, and without any wilful intent.

From this decision the plaintiffs appealed to the general term, where the decision was affirmed, without a written opinion.

The plaintiffs failed to repay the moneys received from the sheriff, but filed and served undertakings and notices of appeal to the Court of Appeals. The defendants moved at

special term for the punishment of the plaintiffs and their attorney for their contempt, which motion was granted, with the following opinion:

ROBINSON, J.—Plaintiffs and their attorney have been ordered to repay to the clerk of this court, to abide its further order, the amount received by them from the sheriff, on executions issued in these actions, in violation of a stay of proceedings granted by a judge of the court, and such order has, on appeal to the general term, been affirmed.

The judgments were recovered in the Marine Court, and the executions were issued out of this court, after transcripts thereof had been filed in the county clerk's office, under § 68 of the Code.

The present motion is to punish the plaintiffs and their attorney for contempt, in failing to comply with the mandate of the court requiring a repayment into the court of the money illegally obtained from its officer (the sheriff).

The answer made to this application is, that the plaintiffs have appealed from the decision of the general term, and given the security required by §§ 334 and 335 of the Code, upon the assumption that such appeal can be taken under the provisions of § 16, sub. 3, as " from a final order affecting a substantial right made  *  *  *  upon a summary application in an action after judgment," and without regard to the limitation contained in the same section, that such appeal shall not be allowed in an " action originally commenced  *  *  *  in the Marine Court of the city of New York, unless any such general term shall, by order duly entered, allow such appeal before the end of the next term after which such judgment was entered."

No such allowance of an appeal has been granted, and that section expressly excludes any such right of appeal as has been attempted to be exercised.

This court is, as to all questions in such a case, the court of final resort (except when it allows an appeal to the Court of Appeals), and its orders therein, until jurisdiction is lost by satisfaction of the judgment, and the perfection of all means

allowed by law for the enforcement of the judgment, are conclusive.

Proceedings as for a contempt to enforce a civil remedy, adjudged against the the plaintiffs and their attorney, is a proceeding in the action (*Pitt* v. *Davison*, 37 N. Y. 235), and this court retains complete jurisdiction for all purposes of enforcing its orders regulating and controlling their conduct wherever they have violated or disobeyed them.

The appeal attempted to be taken by the plaintiffs is unauthorized, and forms no answer to the motion to punish for a contempt in not obeying the order of this court.

Motions granted with $10 costs.