Folger, J,
 

 The parties to this action are members with other persons of a voluntary association not incorporated. The object of the association is innocent pleasure,, and not trade business adventure or profit. It is not strictly a copartnership, for it does not in its objects fall within the definition of one. (3 Kent, 23; Collyer, 263.) But the rights of the associates in the property, and the modes of enforcing them are not materially different from those of partners in the partnership property.
 
 (Beaumont
 
 v.
 
 Meredith,
 
 3 Vesey & Beames, 180.)
 
 Prima facie
 
 the- interest of each associate in the property and effects of the association is equal or proportionate. Ho associate has an interest therein which can be separated and taken out of the whole for his sole use, until the joint affairs are settled, the association dissolved, the mutual rights of the members adjusted, and the ultimate share of each determined. It follows then that in any agreement made by a contracting party with the association as such, and in any right of action arising thereon, each associate has an interest, but no associate has an interest which he can so transfer, as that an action can be maintained by his assignee in' his own name against the contractor with the association. The agreement and the right of action upon it, and the result of an action are the property of the association as such, and there is no separate ownership by an indi
 
 *71
 
 vidual associate, save in the residuum after the liabilities of the association are discharged. The right of action claimed in this case was upon an express agreement of the defendant Rauhr, with the association as a body. The plaintiffs claimed to have the right of action, as original owners of four interests therein; and as the assignees of others of the associates, of whom the defendant Rauhr was not one. The association did not as a body, through any officers or agents thereto authorized, assign and transfer to the plaintiffs, nor did all associates as individuals assign and transfer. The four interests which the plaintiffs owned, and the greater number which were assigned to them, were not so many parts of the agreement and right of action upon it, nor of the results of the action. All which they owned, and all that which they
 
 got
 
 by the assignment was something indefinite and unascertained, and not to be ascertained until the affairs of their association was closed. It was nothing which they could enforce as plaintiffs in an action on this agreement against the defendant Rauhr. It is evident then, that the plaintiffs had no right of action which they could enforce in their own behalf against the defendant Rauhr. ; if or can the judgment be upheld as one in an action to enforce, in behalf of the association against Rauhr, the agreement made with it by him. Such an action cannot be maintained in a court not of jurisdiction in equity. For no number of members short of the whole, can sue on a cause of action belonging to it.
 
 (Habict
 
 v. Pemberton, 4 Sandf., S. C., 658.) Still less can they at law sue another member. The defendant Rauhr has as great an interest in the subject-matter as any other of the associates. On this theory of the action, he is one of those in whose behalf it is brought. And yet it is brought against him, and the judgment is against him, and in favor of four in their own right. The judgment is erroneous. The nonsuit should have been granted on the ground stated in the motion therefor, that the defendant Rauhr was equally interested in the subject-matter with the plaintiffs. A court of equitable jurisdiction with all the parties before it might
 
 *72
 
 have granted appropriate relief. But the Marine Court had not that jurisdiction.
 

 But there is another question in the case. It appears from the papers, that on appeal to the General Term of the Marine Court, the judgment of the trial court was affirmed by default. The appeal from the General Term of the Marine Court is to the General Term of the Common Pleas. (Code, § 352.) But the appeal in that section prescribed, is only from an actual determination of the General Term of the Marine Court. (Id.) A judgment of affirmance by default, however, is not an actual determination.
 
 (Colden
 
 v.
 
 Knickerbocker,
 
 2 Cowen, 31;
 
 Maltby
 
 v.
 
 Greene,
 
 1 Keyes, 548;
 
 Harper
 
 v.
 
 Hall,
 
 1 Daly, 498.) The General Term of the Common Pleas in reversing the judgment acted without having jurisdiction. It is true that the parties stipulated that the cause be argued on appeal on the merits; both sides waiving all objections not involving the merits of the cause. But this could not confer jurisdiction. Consent cannot give jurisdiction to an appellate court.
 
 (Henry
 
 v.
 
 Cuyler,
 
 17 J. R., 469, cited with approval,
 
 Campbell
 
 v.
 
 Stakes,
 
 2 Wend., 146;
 
 Dudley
 
 v.
 
 Mayhew,
 
 3 N. Y., 9;
 
 The People ex rel.
 
 v.
 
 The Clerk,
 
 etc., Ct. of App., 3 Abbott Pr. Rep., 309.) Where an inferior court has acted without having jurisdiction and has rendered judgment, the appellate court which has power to review its decision's, may so far act upon the judgment as to reverse it for that want of jurisdiction.
 
 (Kundolf
 
 v.
 
 Thalheimer,
 
 2 Kernan, 593.) The judgment of the Common Pleas must therefore be reversed. This will leave the parties in the situation in which they were when the judgment of affirmance by default was given by the General Term of the Marine Court. The defendant Rauhr, in the action can make such motion in that court as he is advised, to relieve himself from that default. The judgment appealed from should be reversed with the costs of this court to the appellant.
 

 Church, Ch. J., Alleh and Geover, JJ., concur; Peck-ham, J., concurs in result; Raparlo, J., dissents from so
 
 *73
 
 much as reverses for the want of jurisdiction in the General Term of Common Pleas.
 

 Judgment reversed.