<hr />

THE MANUFACTURERS' AND BUILDERS' BANK *against* JOHNSON B. KIERSTED AND ANOTHER.

(Decided Nov. 1st, 1875.)

A judgment of the Marine Court of the city of New York, entered on an order of the general term of that court, directing judgment on account of the frivolousness of the demurrer, is a final judgment, and an appeal lies therefrom to the Court of Common Pleas of the city and county of New York.

Under the Marine Court act of 1872 (L. 1872, ch. 629), a motion for judgment on a demurrer as frivolous, cannot be made on a notice of less than two days, nor can that time be shortened by the order of a judge of that court, and a judgment on a demurrer as frivolous, ordered on one day's notice, is without authority, and will be reversed on appeal.

APPEAL by defendant from a judgment of the Marine Court of the city of New York.

The facts are stated in the opinion.

*W. T. Birdsall*, for appellants.

*Frederick Swartz*, for respondent.

ROBINSON, J.—The return of the Marine Court shows that on an appeal by plaintiff to the general term thereof, from an order entered on their motion to strike out a demurrer to the complaint as frivolous, and denying the same, such general term, on the 28th day of April, 1874, ordered "that said order appealed from be reversed with $10 costs, and *that plaintiff have judgment on account of the frivolousness of the demurrer*, with leave to defendants to serve answer within ten days from service of this order, on payment of ten dollars costs of this appeal, and ten dollars costs of the motion in the court below, no judgment to be entered except after twenty-four hours' notice of taxation of costs." On an affidavit subsequently made by the plaintiff's attorney, on May 12, 1874, " that no answer had been received or served in said action," filed with the clerk, and due notice of taxation of costs, a judgment was thereupon entered against the defendants, without further application to the court. The judgment recites as follows: " Judgment, May 12, 1874. The summons and complaint having been personally served on the defendants, and no answer to the complaint having been received by plaintiff's attorney, as provided in the order for judgment on defendants' demurrer, which was entered on the 28th day of April last, and plaintiff's costs having been taxed on appearance, now on motion of Frederick Swartz, plaintiff's attorney, it is adjudged (as the judgment proceeded to direct), that the plaintiff recover the amount of the claim in suit (a promissory note), and costs." It seems to be clear that this judgment was entered solely under and by force of the direction and judgment of the general term, and that, under the facts stated and appearing by the record, the judgment so rendered was final upon the rights of the defendants as presented by their demurrer, and the present appeal does not seem premature for any want of a *final determination* by the general term upon the issue of law presented by the pleading. The favor of putting in an answer upon the prescribed terms accorded by the general term not having been availed of, does not render the decision any the less absolute and final, nor alter the consideration of the questions arising out of that order of judgment by the general term. In this respect the case differs from that of *Hollister*

*Bank* v. *Vail* (15 N. Y. 593), in which the general term had merely affirmed an order for judgment on account of the frivolousness of the demurrer to the complaint, but had not made any determination that was in itself a judgment entered by its sole dictation and authority. The power given to the general term was to affirm, reverse or modify the judgment or order appealed from (Code, § 330; act of 1872, ch. 629, §§ 9, 11), but not to direct a new and absolute judgment (even if terms were tendered upon which it may be avoided), in direct opposition to the provisions of such original judgment or order. It is manifest any such new appeal from the judgment so ordered, would be but a representation of the same precise matters, without any intermediate judicial action of, or reconsidering of, any new case by any judge at special term. For these reasons I am of the opinion the judgment appealed from was a final determination of the action in the Marine Court, and absolute judgment by the general term. The before mentioned act of 1872, ch. 629, then controlled the proceedings of that court. Section 2 of that act adopted the provisions of the Code relating to proceedings and remedies in courts of record, as those to govern in the Marine Court, except as otherwise directed by the act. Section 5 prescribed various periods of time to be allowed an adverse party, and contained, among others, this provision: "A motion for judgment on the answer, and for *like causes,* as allowed by said Code of Procedure, may be made on a notice of *not less* than two days." By § 14 all other notices of motions were to be four days, unless the court, or a justice thereof, should, by order to show cause, prescribe a shorter time. Such authority to prescribe a shorter time than two days' notice of a motion for judgment, on account of the frivolousness of a demurrer, was expressly excluded from any power on the part of the court, or any justice, by any order to show cause to prescribe a shorter time (*Leland* v. *Smith,* 3 Daly, 309).

The original motion for judgment made by plaintiff on account of the frivolousness of the demurrer, was on return of an order of a justice granted on the 18th, and returnable on the 19th, and not upon any notice of not less than two days. The demurrer is liable to the imputation of frivolousness, but, on

the hearing, the defendant's attorney presented an affidavit palliating or extenuating its interposition. The judge, under these circumstances, denied the motion, and deferred the plaintiff to the trial at law on the demurrer. Some suggestions may possibly have been presented to him besides the apparent want of due notice of motion, of imperfect allegation in the complaint, that he may have deemed worthy of more deliberate consideration or formal argument. The order of the justice denying the motion (in addition to the efficacy of the previously stated objections), was also mere matter of discretion, and not the subject of review.

By the act of 1872, ch. 629, § 10, appeals in the Marine Court to the general term were only allowed in the same cases as provided by the Code of Procedure in the Supreme Court. That § 349 only allowed any such appeal from decisions as to a demurrer that sustained or overruled them (sub. 2), or where the matter decided affected a *substantial right* (sub. 3). The denial by the judge of the motion for judgment for frivolousness of the demurrer affected no substantial right, but merely deferred the plaintiff on the argument or trial of the question of the substantiality of the questions raised by the demurrer, to a more appropriate and deliberate tribunal, to wit, the trial term for issues of law. The decision, even if justified by the short notice of motion, did not "involve the merits of the action, or some part thereof, or affect a substantial right."

While the demurrer may have been clearly frivolous, and the objections to the judgment technical and factious, they yet grew out of provisions of law intended to guard the rights of suitors, which, in the course of plaintiff's (respondent's), proceedings, have been violated. The order of the judge denying the motion for judgment was justifiable on the technical grounds of want of sufficient notice, and also in the right, in his discretion, to require a formal trial at law of the merits of the demurrer. That order ought not to have been reversed, but far less was it within the province of the general term to not alone so reverse it, but, in addition, to order *judgment absolute* against the defendants, unless they availed themselves of terms and conditions which they did not choose to accept, and which it had no right to impose.

For these reasons I am of the opinion the judgment is one appealable to this court, and should be reversed, and a new trial of law on the demurrer ordered with costs to abide the event.

LARREMORE, J., concurred in this opinion.

CHARLES P. DALY, Ch. J., concurred in holding that the judgment was appealable to this court, but was of opinion that the decision of the general term of the Marine Court was right.

Judgment reversed and new trial ordered.