## Supreme Court—General Term—Fourth Department.

### April, 1885.

## PEOPLE v. HAVENS.

APPEAL FROM INTERMEDIATE ORDERS—HOW TAKEN.—MOTION TO SET ASIDE INDICTMENT.—SUBD. 2, § 313, CODE CRIM. PROC.

The Legislature, by prescribing in the Code of Criminal Procedure the mode of review of intermediate orders, in connection with a review of the judgment on conviction, has excluded other appeals from such orders.

Accordingly held, that no appeal will lie before the filing of a judgment roll on conviction under § 485, Code Criminal Procedure, from an order denying a motion to set aside an indictment under subd. 2, § 313, Code Criminal Procedure; and this, though both parties consent to the hearing of such appeal.

APPEAL by defendants William V. Havens and Fred. H. Havens from an order made by the Court of Sessions of Onondaga county, Hon. A.. J. NORTHRUP, County Judge, presiding, denying a motion to set aside the indictment for criminally receiving stolen property, made under subdivision 2, of section 313 of the Code of Criminal Procedure.

One Carpenter, a stenographer, was in the grand jury room taking notes while one of the witnesses was being examined before the grand jury, prior to finding the indictment, but was not present when the vote was taken. It is admitted " that Carpenter did utter no word, and did no act to inflame the grand jury, or any member thereof, nor did he speak to them or either thereof."

After the indictment had been ordered to the Court of Sessions for trial, the defendants were permitted to withdraw their plea of not guilty, which had been previously entered, and moved to set aside the indictment, which motion was denied.

*William P. Goodell,* for the prisoners, appellants.

*Ceylon H. Lewis,* district attorney, for the people, respondent.

HARDIN, P. J.—Upon affidavits the defendants made a motion in the Court of Sessions of Onondaga county, to set aside the indictment. The motion was denied, as appears by an order of that court entered November 22, 1883. From that order an appeal is taken by the defendants. No judgment roll has been filed on a judgment upon conviction, as provided for by section 485 of the Code of Criminal Procedure. By section 515 of the Code of Criminal Procedure, writs of error and of certiorari in criminal actions were abolished, and an appeal declared to be the "only mode of reviewing a judgment or order." Section 517 prescribes in what cases an appeal may be taken to this court from a judgment on conviction after indictment. That section declares that upon such an appeal "any actual decision of the court in an intermediate order or proceeding, forming a part of the judgment roll as prescribed by section 485, may be reviewed."

We think the Legislature, by prescribing the mode of review of intermediate orders in connection with a review of the judgment on conviction, has excluded other appeals from such orders.

The language of ANDREWS, J., in People *v.* Petrea (1 *N. Y. Crim. Rep.* 233 ; 92 *N. Y.* 143), in spirit applies, where he says : "The Code, by defining the causes for which the indictment may be set aside, must, by the general rule of construction, be held to exclude the entertaining of the motion for other causes than those specified."

When that case was before the Supreme Court (1 *N. Y. Crim. Rep.* 198 ; 64 *How.* 163), LEARNED, P. J., seems to have been of the opinion that the Code of Criminal Procedure "has not provided for a review of the order granted on such motion." We think the defendants cannot maintain the appeal before us, which is alone from the order denying their motion to dismiss the indictment. Consent does not confer jurisdic-

tion to hear an appeal. People *v.* Beman, 22 *Hun,* 283 ; McMahon *v.* Rauhr, 47 *N. Y.* 67.

Our appellate jurisdiction in respect to such matters rests upon statutory provisions, and we know of no section of the statute authorizing such an appeal as the one now before us. It must be dismissed.

The appeal is dismissed.

BOARDMAN, J., and FOLLETT, J., concur.