GEORGE H. ROBERTS, JR., and NORTON PARK COLLIN, Composing the Firm of ROBERTS & COLLIN, Respondents, *v.* MINNIE M. SCHAF, Appellant.

*Conditions may be imposed where a favor is granted, not where a right is enforced.*

While the court has power, as a condition of granting a favor, to require the party seeking the favor to accept a short notice of trial, it has no power to require the acceptance of such a notice by a party who has returned a former notice of trial served in time on the ground that the party serving it was stayed because of the non-payment of motion costs, and consequently has sought no favors from the court, but stood upon her strict statutory rights.

APPEAL by the defendant, Minnie M. Schaf, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 31st day of October, 1902, directing that the service of a notice of trial upon the said defendant be deemed sufficient.

*J. Woolsey Shepard*, for the appellant.

*William O. Miles*, for the respondents.

JENKS, J.:

The plaintiffs procured an attachment upon the property of the defendant, which the court subsequently vacated. The order of vacation, which awarded ten dollars costs to the defendant, was served on the plaintiffs on October seventeenth. On October twenty-seventh, fourteen days before a Trial Term, the plaintiffs noticed

the case for trial thereat.   The defendant forthwith returned the notice on the ground specified thereon, that the plaintiffs were stayed because they had not paid the said motion costs.   On October twenty-eighth, only thirteen days before the said Trial Term, the plaintiffs again served the same notice of trial, and at that time paid to the defendant the said motion costs, but the defendant forthwith returned the notice on the ground that it had been served on October twenty-eighth, and, consequently, too late for the Trial Term in question.   The plaintiffs then moved at Special Term that the defendant be ordered to accept the notice served on October twenty-seventh.   The court so ordered, and the defendant appeals.

As the said motion costs were not paid within ten days after the service of the order which awarded them, the plaintiffs were thereupon stayed, save to review or vacate the order.   (Code Civ. Proc. § 779.)   As they were under a stay when they served the notice of trial on October twenty-seventh, it was ineffective.   When they removed the stay by payment of the costs on October twenty-eighth, they could not then notice the case for the Trial Term next ensuing, because the time intervening the notice and the beginning of the term was too short.   (Code Civ. Proc. § 977.)   In brief, when they duly served their notice, so far as section 977 applied, they were stayed by section 779, and at the time they set aside the bar of section 779, they were barred by section 977.   It follows that neither notice was regular.   I think that the learned Special Term had no power to relieve the plaintiffs by ordering that the service be deemed sufficient.   The defendant stood upon her strict statutory rights. The acceptance of a short notice of trial may be required as a condition for granting a favor; but the statute cannot be disregarded as a favor to him who has violated it to the prejudice of an adversary who duly insists upon compliance with it.   (*Leland* v. *Smith,* 3 Daly, 309.)

The order should be reversed, with ten dollars costs and disbursements, and motion denied, with costs.

'All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with costs.