ROBERTS et al. v. SCHAF.

(Supreme Court, Appellate Division, Second Department. November 21, 1902.)

1. NOTICE OF TRIAL—VACATION OF ATTACHMENT—COSTS—FAILURE TO PAY—STAY OF PROCEEDINGS.

Code Civ. Proc. § 779, provides that, when the costs of a motion are not paid within the time fixed, or when none is fixed, within 10 days from service of a copy of the order, all proceedings on the part of the party required to pay shall be stayed, save proceedings to review or vacate the order. Section 977 enacts that a notice of trial must be served 14 days before the commencement of term. On the vacation of plaintiff's attachment costs were awarded defendant, but before they were paid plaintiff served a notice of trial. Subsequently the costs were paid, and a notice of trial served 13 days before term. Held, that the notices were of no avail, inasmuch as plaintiffs were stayed when the first was served, and the second was not in time under section 977.

2. SAME—INSUFFICIENT NOTICE—RELIEF.

Under Code Civ. Proc. § 977, providing that a notice of trial must be served 14 days before term, the court has no power to relieve a party whose notice has been insufficient in time.

Appeal from special term.

Action by George H. Roberts, Jr., and others, against Minnie M. Schaf. From an order that a notice of trial be deemed sufficient, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

J. Woolsey Shepard, for appellant.
William O. Miles, for respondents.

JENKS, J. The plaintiffs procured an attachment upon the property of the defendant, which the court subsequently vacated. The order of vacation, which awarded $10 costs to the defendant, was served on the plaintiffs on October 17th. On October 27th—14 days before a trial term—the plaintiffs noticed the case for trial thereat. The de-

fendant forthwith returned the notice on the ground, specified thereon, that the plaintiffs were stayed because they had not paid the said motion costs. On October 28th—only 13 days before the said trial term —the plaintiffs again served the same notice of trial, and at that time paid to the defendant the said motion costs; but the defendant forthwith returned the notice on the ground that it had been served on October 28th, and, consequently, too late for the trial term in question. The plaintiffs then moved at special term that the defendant be ordered to accept the notice served on October 27th. The court so ordered, and the defendant appeals.

As the said motion costs were not paid within 10 days after the service of the order which awarded them, the plaintiffs were thereupon stayed, save to review or to vacate the order. Section 779, Code Civ. Proc. As they were under a stay when they served the notice of trial on October 27th, it was ineffective. When they removed the stay by payment of the costs on October 28th, they could not then notice the case for the trial term next ensuing, because the time intervening the notice and the beginning of the term was too short. Section 977, Id. In brief, when they duly served their notice, so far as section 977 applied, they were stayed by section 779; and at the time they set aside the bar of section 779 they were barred by section 977. It follows that neither notice was regular. I think that the learned special term had no power to relieve the plaintiffs by ordering that the service be deemed sufficient. The defendant stood upon her strict statutory rights. The acceptance of a short notice of trial may be required as a condition for granting a favor, but the statute cannot be disregarded as a favor to him who has violated it to the prejudice of an adversary who duly insists upon compliance with it. Leland v. Smith, 3 Daly, 309.

The order should be reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.