LOUIS ROMAN, on Behalf of Himself and All Members of Brotherhood of Painters, Decorators and Paper Hangers of America, of District Council No. 9 for the Boroughs of Manhattan and The Bronx, Similarly Situated, Respondent, v. LOUIS CAPUTO, as President, or MARTIN RARBACK, as Secretary-Treasurer of District Council No. 9, Brotherhood of Painters, Decorators and Paper Hangers of America for the Boroughs of Manhattan and The Bronx, Appellant.

First Department, May 29, 1951.

*George Rifkin* of counsel (*David I. Ashe* with him on the brief; *Ashe & Rifkin*, attorneys), for appellant.

*Solomon Surowitz* of counsel (*Surowitz & Ruskin*, attorneys), for respondent.

*Per Curiam.* There is no compelling reason here presented why there should be a departure from the well-recognized requirement that a note of issue must be filed at least twelve days before the commencement of any term and that a preference should not be granted until an action is properly on the calendar (Rules Civ. Prac., rules 150, 151; *Manarrow Realties, Inc.,* v. *Conrad Corp.,* 222 App. Div. 652; cf. *Zimmerman* v. *Rahmeyer,* 230 App. Div. 719). The proper practice for plaintiff to have adopted in the circumstances was to have moved for an injunction *pendente lite.* In disposing of that injunction, the court could properly have imposed as one of the conditions an early trial on a short note of issue (*Roberts* v. *Schaf,* 76 App. Div. 433). The order should be reversed and motion denied, without costs and without prejudice to an application for a temporary injunction.

GLENNON, J. P., COHN, CALLAHAN, SHIENTAG and HEFFERNAN, JJ., concur.

Order unanimously reversed and the motion denied, without costs, and without prejudice to an application for a temporary injunction.