■ IGNATIUS MELE, Plaintiff, v. HAROLD C. GRIEK et al., Defendants. (Action No. 1.) HAROLD C. GRIEK et al., Appellants, v. IGNATIUS MELE, Respondent. (Action No. 2.) — In an action (No. 2) to recover damages sustained as the result of the defendant's negligence in the operation of a motor vehicle, the plaintiffs appeal: (1) from an order of the Supreme Court, Suffolk County, dated May 11, 1959, denying their motion to vacate the dismissal of the action and to restore it to the calendar; and (2) from an order of said court dated September 15, 1959, denying their motion for reargument or, in the alternative, for reconsideration of said motion on additional proof. Order of September 15, 1959, insofar as it denies the motion for reconsideration of the original motion on additional proof, reversed, without costs; motion for reconsideration granted; and on reconsideration the dismissal of the action is vacated and the action is restored to the calendar for trial. Appeal from so much of said order as denies reargument, dismissed, without costs. An order denying reargument is not appealable. Appeal from the order of May 11, 1959, dismissed, without costs, as academic. The record shows indisputably that on March 11, 1959, the date the default was suffered in the Supreme Court, Suffolk County, plaintiff's trial counsel was actually engaged in the Supreme Court, Nassau County; and that his default in Suffolk County was neither willful nor intentional. Under the circumstances, it was an improvident exercise of discretion to dismiss the action and thereafter to deny the application to vacate the dismissal. Beldock, Acting P. J., Christ, Pette and Brennan, JJ., concur.

■ RAYMOND G. MORAN, Respondent, v. PORTCHESTER IRON WORKS, INC., et al., Appellants.— In an action to recover damages for personal injuries, all the defendants appeal from so much of an order of the Supreme Court, Westchester County, dated March 28, 1960, and entered in Dutchess County on April 14, 1960, as on reargument adhered to a prior order entered March 2, 1960, granting plaintiff's motion for a preference in the trial of the action upon certain terms and conditions (Rules Civ. Prac., rule 151, subd. 3). Order. insofar as appealed from, reversed, without costs; order of March 2, 1960, vacated; and plaintiff's motion for a preference denied without prejudice to renewal at the proper time. No reason has been presented why there should be a departure from the well-recognized requirement that a preference should not be granted until an action is properly on the calendar (Rules Civ. Prac., rule 151; *Friedman* v. *Friedman*, 5 A D 2d 864; *Roman* v. *Caputo*, 278 App. Div. 327; *Zimmerman* v. *Rahmeyer*, 230 App. Div. 719). Beldock, Acting P. J., Christ, Pette and Brennan, JJ., concur.

■ JAMES PERKINS, Appellant, v. HAROLD MURPHY et al., Respondents.— In an action to recover damages for injuries to person and property, plaintiff appeals from an order of the Supreme Court, Kings County, dated December 22, 1959, denying his application for a preference under rule 9 of the Kings County Supreme Court Trial Term Rules, with leave to renew on consent to an examination of plaintiff by an independent physician selected by the court. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Christ and Brennan, JJ., concur.